Approved: _____
ELIZABETH A. ESPINOSA
Assistant United States Attorney

Before:  THE HONORABLE BARBARA C. MOSES
         United States Magistrate Judge
         Southern District of New York

**19MAG 6246**

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA           :   **SEALED COMPLAINT**

          - v. -                   :   Violation of
                                       18 U.S.C. §§ 922(g)(1)
TONY WILLIAMS,                     :   and 2

                    Defendant.     :   COUNTY OF OFFENSE:
                                       BRONX

- - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

JASON LANDUSKY, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), and charges as follows:

COUNT ONE

1. On or about May 18, 2019, in the Southern District of New York and elsewhere, TONY WILLIAMS, the defendant, knowing that he had previously been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess in and affecting commerce a firearm, to wit, a Taurus 0.357 magnum revolver, which had previously been shipped and transported in interstate and foreign commerce.

(Title 18, United States Code, Section 922(g)(1) and 2.)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

2. I am a Detective assigned to the Firearms Suppression Section of the NYPD and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement agents, and

as my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3. Based on my conversations with NYPD officers from the 40th Precinct in the Bronx, New York, who participated in the arrest of TONY WILLIAMS, the defendant, and my review of surveillance footage of the defendant, I have learned, among other things, the following:

a. On or about the early morning of May 18, 2019, NYPD officers from the 40th Precinct (the "Officers") were patrolling in the vicinity of Saint Ann Avenue and East 134th Street ("the Area") in Bronx, New York.

b. While their unmarked vehicle was stationary at the intersection of St. Ann's Avenue and East 134th Street, the Officers observed WILLIAMS run across the intersection in front of them. The Officers observed WILLIAMS crouch down between two parked vehicles then stand up and walk back toward a nightclub located on Saint Ann Avenue between East 133rd and East 134th Streets (the "Nightclub") with an off-white draw string bag (the "Recovered Bag") that he had not previously been carrying slung over his shoulder. The Officers observed that the Recovered Bag swung back and forth, indicating that it contained a heavy object.

c. The Officers made a U-turn and drove back toward the Nightclub. They observed WILLIAMS in front of the Nightclub with the Recovered Bag, still containing the heavy object, over his shoulder. The Officers observed that when WILLIAMS saw their vehicle, he appeared nervous and avoided eye contact with the Officers. The Officers watched WILLIAMS walking back and forth in front of the Nightclub for several minutes before driving around the block.

d. Video footage obtained from surveillance cameras on buildings in the Area (the "Surveillance Video") shows WILLIAMS walking back and forth in front of the Nightclub as the Officers sat parked in vicinity of the Nightclub. Shortly after the Officers pulled away, the Surveillance Video shows WILLIAMS placing the Recovered Bag down in front of a pole on the sidewalk near the Nightclub at approximately 2:25 AM.

2

WILLIAMS stood in front of the Nightclub near the Recovered Bag for several more minutes.

    e. On returning to the Area after driving around the block, the Officers saw the Recovered Bag on the sidewalk and WILLIAMS standing nearby. The Officers observed that after WILLIAMS saw that they had returned, he again appeared nervous. After several minutes, WILLIAMS walked away, leaving the Recovered Bag on the sidewalk, and left the Area.

    f. After WILLIAMS had left the Area, one of the Officers ("Officer-1") got out of the vehicle and asked other individuals in the Area if the Recovered Bag belonged to them. No one claimed ownership of the Recovered Bag.

    g. Officer-1 picked up the Recovered Bag, which is a thin cloth drawstring bag, and felt a hard object through the cloth. Officer-1 then opened the Recovered Bag and saw the handle of a firearm (the "Firearm"). The Firearm was wrapped in a sock and inside a neoprene laptop sleeve inside the Recovered Bag.

    h. Officer-1 provided a second patrol car with a description of WILLIAMS and the officers in that vehicle located and stopped WILLIAMS. The Officers went to the scene and identified WILLIAMS as the individual that they had seen holding the Recovered Bag. After Williams was identified by the Officers, WILLIAMS was placed under arrest.

   4. Based on my review of an NYPD Firearm Examination Report, I have learned that the Firearm is a Taurus 0.357 magnum revolver loaded with 0.38 caliber ammunition. I have also learned that the Firearm was operable when loaded with this ammunition. The Firearm had been defaced so that the serial number was not legible.

   5. Based on my training and experience, and my communications with other law enforcement agents, including a Special Agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives who is familiar with the manufacturing of firearms, I know that Taurus 0.357 magnum revolvers are not manufactured in New York State.

   6. I have reviewed criminal history records pertaining to TONY WILLIAMS, the defendant, which show that WILLIAMS was convicted on or about February 24, 2009, in New York County Supreme Court, of robbery in the first degree, in

3

violation of Section 160.15 of the New York Penal Law, a felony, which is punishable by imprisonment for more than one year. WILLIAMS' criminal history records show that he was sentenced to a term of imprisonment of 10 years.

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of TONY WILLIAMS, the defendant, and that he be arrested and imprisoned or bailed, as the case may be.

Detective Jason Landusky
New York City Police Department

Sworn to before me this
3d day of July, 2019

THE HONORABLE BARBARA C. MOSES
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

4